960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James D. SENTERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5966.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff James D. Senters appeals the order of the district court affirming a decision of the Secretary of Health and Human Services which found that plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act. The issues in this case are (1) whether the res judicata effect of a previous determination that plaintiff was limited to light work requires reversal of a later determination that plaintiff can perform medium work, and (2) whether the Secretary's findings are supported by substantial evidence. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff was born on December 21, 1933. He completed the seventh grade and has worked at various jobs in the coal mines of Eastern Kentucky. He has not engaged in substantial gainful activity since October 1, 1984, and he last met the disability insured status requirements of the Social Security Act on December 1, 1989.
 
 
 3
 In 1984 plaintiff suffered a heart attack which was discovered after his admission to Kentucky Methodist Hospital on March 19, 1985, where he was diagnosed as having diabetes mellitus, cardiopulmonary disease, and atherosclerotic heart disease, as well as being status post myocardial infarction. On April 3, 1986, coronary bypass surgery was performed, and on April 10, 1986, plaintiff was discharged with a diagnosis of unstable angina, coronary atherosclerosis, diabetes mellitus, hypertension, tobacco use disorder, old interior wall myocardial infarction, moderate type II(a) hyperlipoproteinemia, old granulomatous and chronic lung disease, and transient atrial fibrillation.
 
 
 4
 On March 4, 1986, plaintiff filed his first claim for disability insurance benefits. An administrative law judge ("ALJ") decided on October 30, 1987, that plaintiff could not perform a full range of light work, but he concluded that plaintiff's residual functional capacity allowed him to perform a significant number of jobs existing in the national economy. As plaintiff did not seek review by the Appeals Council, the ALJ's decision on October 30, 1987, became the final decision of the Secretary.
 
 
 5
 Plaintiff filed this claim for disability insurance benefits on October 12, 1988. This claim was assigned to a different ALJ who did not reopen plaintiff's first claim and considered only whether plaintiff had shown a disability since October 30, 1987. The ALJ found plaintiff to be capable of performing medium work, an exertional range within which there existed a significant number of jobs. The Appeals Council declined review, and plaintiff brought the present action for judicial review. On July 8, 1991, the district court affirmed the Secretary's denial of benefits.
 
 II.
 
 6
 In reviewing the final decision of the Secretary, this court's inquiry is limited to a determination of whether substantial evidence exists in the record to support the Secretary's decision and to a determination of whether any legal error has been committed. 42 U.S.C. § 405(g); Born v. Secretary of Health & Human Services, 923 F.2d 1168, 1173 (6th Cir.1990); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir.1986).
 
 
 7
 Plaintiff argues that this case must be reversed because
 
 
 8
 [t]he finding in this matter that Appellant can perform medium work is not based upon substantial evidence in light of an earlier ALJ finding that Appellant is limited to less than a full range of light work....
 
 
 9
 Brief of Appellant at 5 (emphasis added). He contends in particular that in his previous claim he was found to be restricted to a limited range of light work. Therefore, he insists, he cannot now be found capable of medium work unless the Secretary demonstrates that his findings in the first case were wrong.
 
 
 10
 In support of this argument, plaintiff relies on Dennard v. Secretary of Health & Human Services, 907 F.2d 598 (6th Cir.1990) (per curiam), in which this court observed that 42 U.S.C. § 405(h) bars the Secretary from reconsidering certain findings previously made. Section 405(h) provides that
 
 
 11
 [t]he findings and decision of the Secretary after a hearing shall be binding on all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.
 
 
 12
 In Dennard, the Secretary initially determined that plaintiff could not perform his past relevant work as a resident care aide supervisor, which was characterized as heavy. Plaintiff filed a subsequent claim, and an ALJ determined that plaintiff's past relevant work as a resident care aide supervisor was only sedentary or light in nature. This court reversed, finding that principles of res judicata and collateral estoppel prevented the Secretary from reevaluating the exertional level of plaintiff's former job.
 
 
 13
 The Dennard court relied principally on Lively v. Secretary of Health & Human Services, 820 F.2d 1391 (4th Cir.1987), in which the Fourth Circuit barred the Secretary's reconsideration of a case under the following circumstances:
 
 
 14
 The first ALJ found, in 1981, that plaintiff was limited to light work, and the Secretary successfully defended that finding on judicial review. Some two weeks after appellant was found limited to light work, he became 55 years of age. It is utterly inconceivable that his condition had so improved in two weeks as to enable him to perform medium work. Principles of finality and fundamental fairness drawn from § 405(h), as discussed above, indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work.... Certainly, there was no evidence of any such miraculous improvement, and ... such evidence, not considered in the earlier proceeding, would be needed as an independent basis to sustain a finding contrary to the final earlier finding.
 
 
 15
 Id. at 1392.
 
 
 16
 In this case, there is evidence of an improvement in the plaintiff's condition such as would enable him to perform medium work. At the time of the prior decision on October 30, 1987, plaintiff was only 20 months status-post bypass surgery, and the medical reports pertinent to his claim were made less than one year after the surgery. For example, the June 1986 stress test, which showed that plaintiff could perform at an exercise level of 5 METs, was performed only two months after plaintiff's bypass surgery. By contrast, a stress test administered in January 1989 showed that plaintiff exercised to a level of 10 METs. This demonstrates a substantial improvement in plaintiff's functional capacity subsequent to October 30, 1987, the date of the previous decision.
 
 
 17
 Plaintiff focuses on the medical findings of Dr. Ballard Wright, upon which the ALJ in the previous case relied to establish plaintiff's limitations to light work. Dr. Wright, however, explicitly stated that "[t]hese limitations are imposed on him primarily due to his heart disease but are contributed to by his Bronchitis and Pneumoconiosis." J.A. 217 (emphasis added). This report was based on an examination of plaintiff that took place only six months after his bypass surgery. Dr. Wright imposed the limitations primarily because of plaintiff's heart disease. However, more recent stress tests indicate that plaintiff is now functioning at a much higher level than at the time Dr. Wright examined him. Therefore, the objective evidence in this case shows a very substantial improvement in plaintiff's condition since his bypass surgery. Under these circumstances, the Secretary has met his burden of demonstrating that, although plaintiff may once have been restricted to light work, he can now perform medium work.
 
 
 18
 Plaintiff's res judicata arguments are unpersuasive for another reason. The decision of the ALJ on the previous claim applies to a particular time frame, i.e., October 1, 1984, through October 30, 1987. Thus, the ALJ's finding that plaintiff was limited to less than a full range of light work applies only to that period of time. Therefore, its res judicata effect is similarly limited, and the Secretary, of course, may not now contend that plaintiff was capable of more than light work during that period. However, as earlier stated, we are dealing with a different time period in this case, viz., from October 30, 1987, to December 1, 1989.
 
 
 19
 Where health conditions are subject to change, the preclusive effects of the administrative res judicata rule must be more carefully evaluated. Here, there are two separate proceedings which do not overlap in time. The ALJ specifically did not reopen the earlier proceeding, finding no reason to do so because plaintiff submitted no additional medical evidence with reference to the earlier claim and because plaintiff did not argue that the earlier claim should be reopened.[1] Because the first claim was not reopened, it is a discrete adjudicatory event separate from the second claim. The res judicata effects of any findings as to transitory matters such as health do not operate in a subsequent case. See Pulliam v. Sullivan, 769 F.Supp. 1471, 1477 (N.D.Ill.1991).
 
 
 20
 Plaintiff's argument that the Secretary's decision is not supported by substantial evidence depends entirely on the operation of the res judicata doctrine in this case. He does not discuss the medical record in any detail and does not challenge any of the medical or vocational evidence relied on by the Secretary except to say that the opinion of the medical advisor, Dr. McWhorter, should not have been relied on because he was not an examining physician. Dr. McWhorter's opinions are fully supported by the most recent stress test and pulmonary function studies. Under these circumstances, the opinion of a non-examining physician may constitute substantial evidence. Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1308-09 (6th Cir.1990) (per curiam).
 
 III.
 
 21
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This court has no jurisdiction to review the Secretary's refusal to reopen an earlier claim unless there is a constitutional challenge to the Secretary's action. Blacha v. Secretary of Health & Human Services, 927 F.2d 228, 231 (6th Cir.1990) (per curiam)