Robert A. **HARDY,** Plaintiff–Appellant,

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant–Appellee.**

No. 94–3786.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1995.

Decided Aug. 28, 1995.

---

Catherine R. Enyeart, Hot Springs, SD, argued, for appellant.

Steven Arthur Russell, Lincoln, NE, argued (Thomas J. Monaghan, U.S. Atty., Susan L. Knight, Asst. U.S. Atty., Frank V. Smith, III, Chief Counsel, Dept. of HHS, and Jamie G. Crawford, Asst. Regional Counsel) for appellee.

Before WOLLMAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Robert Hardy appeals from a judgment of the district court[1] affirming the Social Security Administration's denial of his third application for Social Security disability benefits. We affirm.

Hardy's second application concerned the period January 1, 1981, through the date of decision, April 24, 1987. Applying the five step analysis prescribed in the regulations, see 20 C.F.R. § 404.1520(b)–(f), Administrative Law Judge ("ALJ") Fredrick Strothman found that Hardy suffered from "generalized degenerative arthritis of the back" and from the effects of a back injury incurred in a 1954 parachute jump; that Hardy was not capable of performing his past relevant work as a hydro tester; but that Hardy had the residual functional capacity to perform the full range of light work in the national economy and thus was not disabled. Hardy did not appeal the denial of this application.

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The HONORABLE DAVID L. PIESTER, United States Magistrate Judge for the District of Nebraska, to whom the case was referred by consent of the parties under 28 U.S.C. § 636(c).

In July 1991, Hardy filed this application seeking disability benefits for the period April 25, 1987, to June 30, 1987, his last day of eligibility. After the application was denied initially and on reconsideration, Hardy appealed and a hearing was held before ALJ Steven Swihart. ALJ Swihart found Hardy not disabled at step four of the analysis because he could still perform his prior work as a hydro tester, making unnecessary a step five inquiry into Hardy's residual functional capacity to do other kinds of work. *See* 20 C.F.R. § 404.1520(e)–(f); *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir.1993).

Hardy appealed to the agency's Appeals Council, submitting additional medical records from the 1962–1967 period. The Appeals Council denied review, concluding that "neither the contentions [in Hardy's appeal brief] nor the additional evidence provides a basis for changing the [ALJ's] decision." Hardy then sought judicial review in the district court, submitting substantial additional medical records dating back to Hardy's parachute accident in 1954. The district court entered judgment for the Commissioner, concluding that ALJ Swihart's decision is supported by substantial evidence on the record as a whole. This appeal followed.

■ 1. Hardy first argues that the doctrine of collateral estoppel bars ALJ Swihart from reaching a different conclusion than ALJ Strothman regarding whether Hardy was able to perform his prior relevant work. Hardy relies on *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir.1987), and *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391, 1392 (4th Cir.1991), which held that, when a decision on a disability claim becomes final, the decision and its underlying findings may not be overturned in a subsequent proceeding based upon a reevaluation of evidence already weighed in the earlier proceeding.

The record before ALJ Swihart included the record before ALJ Strothman plus additional evidence. Both ALJ Strothman and ALJ Swihart found that, despite his impairments, Hardy is capable of performing "light work." Their analyses differed only because ALJ Swihart classified Hardy's work as a hydro tester as "light work," whereas ALJ Strothman had found in the prior proceeding that it was "medium work."[2] ALJ Swihart's classification of the job as light work was based upon Hardy's testimony at the later hearing, which included a more detailed description of his work as a hydro tester.[3] Thus, unlike the ALJ in *Gavin*, ALJ Swihart did not reevaluate the evidence before ALJ Strothman. Nor did ALJ Swihart contradict ALJ Strothman's ultimate finding that Hardy was not disabled. In these circumstances, collateral estoppel does not apply. ALJ Swihart properly based his findings on the administrative record as a whole.

■ 2. Hardy next urges us to review and reverse ALJ Strothman's earlier finding of no disability. We may do this, he asserts, because, when ALJ Swihart "revised" ALJ Strothman's step four finding, the prior decision was "*de facto* reopened." The Commissioner points out that her decision not to reopen ALJ Strothman's prior final decision is not subject to judicial review absent a colorable constitutional challenge. *See Brown v. Sullivan*, 932 F.2d 1243, 1245–46 (8th Cir.1991). Hardy responds that under *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir.1985), we may review a decision that has been *de facto* reopened. Though this is an interesting legal debate, the record is clear that there was no *de facto* reopening of ALJ Strothman's prior decision. ALJ Swihart expressly stated he was not reopening the ear-

---

**2.** "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds [and] requires a good deal of walking or standing, or ... involves sitting most of the time with some pushing and pushing of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

**3.** Hardy testified that his prior work as hydro tester involved being on his feet most of the day and holding a hose weighing "a couple of pounds." A major reason he quit that job was because he "didn't get along that well with management."

lier decision. He then made an independent step four finding concerning a different disability period based upon a different administrative record. We may not review ALJ Strothman's earlier final decision.

■ 3. Hardy next argues that ALJ Swihart violated the "every reasonable effort" command of 42 U.S.C. § 421(h)[4] when he failed to have a psychiatrist or a psychologist complete the Psychiatric Review Technique Form ("PRTF") that "must be completed" in evaluating Hardy's claim of disabling mental impairments. *See* 20 C.F.R. § 404.1520a(d). This contention is contrary to the regulation, which expressly provides that, "the Administrative Law Judge may complete the [PRTF] without the assistance of a medical advisor." § 404.1520a(d)(1)(i).

ALJ Swihart found no mental impairment other than a history of alcohol abuse, a finding supported by substantial evidence. He then recorded on the PRTF that Hardy has no functional limitation as a result of this mental impairment. There is substantial evidence in the record supporting these findings. For example, the 1985 discharge summary prepared by a Veterans Administration hospital following Hardy's alcohol dependency treatment recites: "CONDITION ON DISCHARGE. Sober, thought able to return to prehospital activities and work. Competent for VA purposes."

We agree with the district court (i) that there is no medical evidence that alcoholism adversely affected Hardy's ability to work during the relevant time period, and (ii) that there is no medical evidence that Hardy is *unable* to control his drinking, an essential element of proving disability predicated on alcoholism, *see Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir.1992). In these circumstances, there was no need for ALJ Swihart to obtain the assistance of a mental health professional in completing the PRTF. Unlike *Montgomery v. Shalala*, 30 F.3d 98 (8th Cir.1994), and *Andrade v. Secretary of*

*Health and Human Services*, 985 F.2d 1045 (10th Cir.1993), on this record ALJ Swihart's completion of the PRTF was little more than a formality. ALJ Swihart violated neither the statute nor the agency's regulations in resolving the mental impairment issue.

■ 4. Finally, Hardy argues that ALJ Swihart ignored or gave insufficient weight to additional medical evidence of disability that was not in the record before ALJ Strothman. However, we agree with the district court that ALJ Swihart's decision is supported by substantial evidence on the entire record before him. And like the Appeals Council, we have considered the additional medical evidence Hardy submitted as part of his administrative appeal in concluding that substantial evidence supports ALJ Swihart's decision. *See Mackey v. Shalala*, 47 F.3d 951 (8th Cir.1995).

■ Hardy also complains that the district court failed to consider his motion to remand to the agency for consideration of additional medical evidence submitted for the first time to the district court. However, Hardy failed to demonstrate good cause for not previously presenting that evidence to the agency. *See* 42 U.S.C. § 405(g). Thus, even if the district court overlooked his motion to remand, any error was harmless.

The judgment of the district court is affirmed.

---

**4.** 42 U.S.C. § 421(h) provides:
    An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Secretary has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.