**Helen L. RUCKER, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security,* Defendant–Appellee.**

**No. 95–3045.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 21, 1996.

Decided Aug. 6, 1996.

Rehearing Denied Sept. 26, 1996.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c) and Pub.L. No. 103–296, we have substitut-

ed Shirley S. Chater for Donna E. Shalala as the named defendant-appellee.

Jamie Andree, (argued), Colleen Cotter, Legal Services Organization of Indiana, Incorporated, Bloomington, IN, for Plaintiff–Appellant.

Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, Gary A. Sultz, (argued), Marc Mates, Department of Health and Human Services, Chicago, IL, for Defendant–Appellee.

Before BAUER, KANNE, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

Helen Rucker wants to use the doctrine of collateral estoppel offensively in her second application for Supplemental Security Income (SSI) and Social Security disability (collectively "disability") benefits. According to Rucker, collateral estoppel should have precluded the second Administrative Law Judge from making certain findings that differed from the results of her first administrative hearing. The district court disagreed and upheld the denial of Rucker's second benefits application. *Rucker v. Shalala*, 894 F.Supp. 1209 (S.D.Ind.1995). Rucker now challenges the district court's failure to apply collateral estoppel, as well as its evaluation of her second application for benefits. We affirm.

## Background

Helen Rucker was born in 1940, and in 1966 became a licensed practical nurse. Unfortunately, Rucker suffers from a variety of medical conditions, including obesity, bilateral patello-femoral disease, and possible tendinitis in her right arm. Because of these ailments, Rucker has not worked as a nurse since April 7, 1988. Three months later, Rucker filed her first application for disability benefits. After a hearing, an Administrative Law Judge issued a decision that Rucker was not "disabled," and that while she was unable to return to her past work, she had a residual functional capacity ("RFC") for sed-

entary work. Rucker sought judicial review of this decision in the district court, and the district court affirmed the denial of benefits. *Rucker v. Shalala*, IP 90–1372–C (S.D.Ind. July 2, 1993).[1]

Pending the outcome of *Rucker I* in the district court, Rucker filed a second application for disability benefits on April 10, 1992, alleging disability due to obesity, musculoskeletal pain, and hypertension. The Social Security Administration denied her claim and Rucker requested a hearing, at which she testified that she was unable to work because of a variety of impairments, primarily pain in her back, leg, and hands. After reviewing all of the evidence, the second ALJ found Rucker's testimony not credible and denied her claim for benefits. Rucker filed a timely request for judicial review in the district court, which similarly affirmed the denial of her claim. *Rucker v. Shalala*, 894 F.Supp. 1209 (S.D.Ind.1995). Rucker now appeals 1) the district court's failure to estop the ALJ from making contradictory findings with respect to her second application; 2) the ALJ's evaluation of Rucker's subjective complaints of pain; and 3) the district court's credibility determinations in denying her benefits.

### Analysis

Our jurisdiction to review the Commissioner's denial of benefits arises under 42 U.S.C. § 405. Like the district court, we review whether the record as a whole supports the Commissioner's decision. 42 U.S.C. § 405(g); *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir.1995). Federal regulations establish a five-step inquiry for determinations of disability:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals one of the impairments listed by the Social Security Administration, *see* 20 C.F.R. § 404;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing work in the national economy in light of the claimant's age, education and work experience.

*See* 20 C.F.R. § 404.1520; *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir.1995). The parties do not dispute the ALJ's findings with respect to the first three factors. The respective ALJs' findings at steps four and five, however, are far more contentious. In *Rucker I*, the ALJ found Rucker unable to return to her past work, and credited her with a residual functional capacity for sedentary work. The ALJ in *Rucker II*, by contrast, credited Rucker with an RFC of medium work and found her capable of performing her past work as a licensed practicing nurse.

■ Rucker claims that collateral estoppel should have precluded these findings in *Rucker II*. She contends that once the first ALJ found that she was capable only of sedentary work, the second ALJ should not have been allowed to find her capable of medium work. *Rucker* relies on 42 U.S.C. § 405(h), which provides that "[t]he findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing." Section 405(h) is designed to prevent relitigation of issues that prior suits already have decided. Taken together, section 405(h) and other regulatory provisions embody the fundamental and familiar principles of *res judicata*. *Dugan v. Sullivan*, 957 F.2d 1384, 1387 (7th Cir.1992). *See also* 20 C.F.R. §§ 404.905, 404.987–404.989.

*Rucker* also offers specific authority from other circuits for the proposition that the government—as well as a claimant—can be bound by prior adjudications. *See, e.g., Dennard v. Secretary of Health and Human Services*, 907 F.2d 598, 600 (6th Cir.1990); *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391, 1392 (4th Cir.1987); *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir.1987). While we agree with the general underlying principle that the government can be bound by prior adjudications, these cases are readily distinguishable.

1. We will refer to these proceedings, culminating with the district court's affirmance of the denial of benefits, as *Rucker I*, and to the second application as *Rucker II*.

In *Lively*, for example, the claimant filed his second application for disability benefits just several weeks after the ALJ's denial of his first application. The second ALJ also denied his application and Lively sought judicial review. The only relevant change in circumstances that occurred during that time was that the claimant became 55 years of age, thereby qualifying as an individual of "advanced age" under the Secretary's regulations. *See* 20 C.F.R. § 404.1563(d); *Lively,* 820 F.2d at 1392. In applying collateral estoppel to the second application, the Fourth Circuit found it "utterly inconceivable that [Lively's] condition had so improved in two weeks as to enable him to perform medium work." *Id.; see also Lively v. Bowen,* 858 F.2d 177, 179–80 (4th Cir.1988). Rucker's two applications, by contrast, were four years apart. Given this interval, different conclusions about Rucker's RFC are entirely plausible.

The Sixth Circuit in *Dennard* found that collateral estoppel precluded inconsistent findings by the Secretary about the nature and extent of Dennard's exertional level in his former job. *Id.* at 600. In Rucker's case, by contrast, the purportedly inconsistent findings pertained to Rucker's medical condition and residual functional capacity at two distinct periods of time. The level of exertion required to perform a job should not change, but medical conditions do. The mere fact that Rucker did not have the residual functional capacity to perform her nursing job at the time of her first application is not conclusive evidence of her residual functional capacity at a later date.

We are more persuaded by the reasoning of the Eighth Circuit in *Hardy v. Chater,* 64 F.3d 405 (8th Cir.1995). In *Hardy,* the court addressed a claimant's third application for Social Security disability benefits after two ALJs had reached opposite conclusions about the claimant's ability to perform his prior relevant work. Although the second ALJ characterized certain tasks as "light" rather than "medium" work, the second ALJ did not reevaluate the evidence before the first ALJ and he did not contradict the first ALJ's ultimate finding that Hardy was not disabled. *Hardy,* 64 F.3d at 407. The Eighth Circuit

concluded that the second determination was made upon a record different from the first and that therefore collateral estoppel did not apply. There, as here, the second ALJ properly based his findings on the administrative record as a whole. *Id.*

In the instant case, the second ALJ considered Rucker's disability status only for the period *after* March 19, 1990, the date the Commissioner denied her first application. The hearing before the second ALJ, therefore, was not a "re-evaluation" of the evidence, but rather an independent consideration of her eligibility at the time of her second application. The time period was different, and a different outcome is not necessarily inconsistent. *See Reynolds v. Bowen,* 844 F.2d 451, 454 (7th Cir.1988).

Rucker contends that the first ALJ's findings established her "maximum residual functional capacity,"—at that time and forever more. It is the "forever more" with which we disagree. The first ALJ's finding was a binding determination with respect to Rucker's eligibility for disability benefits for that time period. It has no effect, however, on an application for disability benefits for a subsequent time period.

Rucker also argues that fundamental notions of fairness require the application of collateral estoppel to her second claim because a contrary result would bind claimants but not the government to ALJ adjudications. This is simply not true. As we already have discussed, there are situations where the Commissioner will be bound by prior rulings. *See Gavin v. Heckler,* 811 F.2d 1195, 1200 (8th Cir.1987). In this case, however, the issue of Rucker's *permanent* residual functional capacity could not have been litigated in the first administrative hearing, and therefore collateral estoppel cannot apply to the second.

■ Having found that collateral estoppel does not affect Rucker's second application for benefits, we turn to whether the Commissioner's decision is supported by substantial evidence on the record as a whole. It is. Rucker specifically challenges the standard that the ALJ used for evaluating her subjective claims of pain. In *Pope v. Shalala,* 998 F.2d 473 (7th Cir.1993), we provided an ex-

tensive discussion of the regulations governing our review of claims of pain. Rucker correctly notes that we cannot discredit a complaint of pain simply because a plaintiff did not introduce objective medical evidence to support the extent of the pain, but "neither are we required to give full credit to every statement of pain, and require a finding of disabled every time a claimant states that she feels unable to work." *Id.* at 486.

■ Rucker's final argument is that the district court erred in affirming the ALJ's finding that Rucker's testimony was not credible. This argument also fails. It is not our job to make credibility determinations on appeal. As we previously have said, we shall not reevaluate the facts, reweigh the evidence, or substitute our own judgment for that of the Social Security Administration. *Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994). The ALJ heard the witnesses and was in the best position to evaluate their credibility. The Social Security Administration adopted the ALJ's findings, and we agree with the district court that those findings are supported by substantial evidence. *Diaz,* 55 F.3d at 305–06.

### Conclusion

For the foregoing reasons, the district court's decision is

AFFIRMED.