104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack E. HAMLIN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-3243.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order upholding the denial of an application for disability insurance benefits. The main question concerns the applicability of the doctrine of collateral estoppel. Concluding that the doctrine has no application here and that substantial evidence supports the findings which led to the denial of benefits, we shall affirm the decision of the district court.
 
 
 2
 * The plaintiff, Jack E. Hamlin, has not engaged in substantial gainful employment since September of 1980. He last met the disability insured status requirements of the Social Security Act on September 30, 1986.
 
 
 3
 Mr. Hamlin, who suffers from asthma, filed claims for disability insurance benefits on February 28, 1981, and on July 2, 1984. The second claim was heard by an administrative law judge, ALJ Teitler, who rejected it on September 17, 1985. The rejection was based on a finding that Mr. Hamlin had the residual functional capacity to perform sedentary work.
 
 
 4
 Mr. Hamlin did not seek review of ALJ Teitler's decision. On February 24, 1992, however, he filed a new claim for disability insurance benefits. A hearing on this claim was held before ALJ Daughtrey, whose inquiry was limited to the period from September 18, 1985, through September 30, 1986.
 
 
 5
 ALJ Daughtrey found that Mr. Hamlin had the residual functional capacity to perform medium work during this period. Given his age and work experience, Mr. Hamlin would have been entitled to benefits if he could do only sedentary work--but the finding that he had the capacity to perform medium work necessitated a denial of benefits.
 
 
 6
 The ALJ's decision ripened into a final decision by the Commissioner, and Mr. Hamlin then sought judicial review pursuant to 42 U.S.C. § 405(g). The district court upheld the Commissioner's decision. This appeal followed.
 
 II
 
 7
 Mr. Hamlin raises three issues on appeal: first, whether the doctrine of collateral estoppel precluded ALJ Daughtrey from finding that the claimant had the capacity to perform medium work during the 1985-86 period; second, whether ALJ Daughtrey constructively reopened Mr. Hamlin's prior application; and third, whether substantial evidence supports the determination that Mr. Hamlin could perform medium work during the period in question.
 
 
 8
 * Mr. Hamlin contends that because ALJ Teitler had already found a residual functional capacity to perform only sedentary work, the doctrine of collateral estoppel precluded ALJ Daughtrey from finding that Mr. Hamlin had the capacity to perform medium work during a subsequent period.[1] Mr. Hamlin relies on 42 U.S.C. § 405(h), which provides as follows:
 
 
 9
 "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."
 
 
 10
 The collateral estoppel doctrine embodied in this regulation cannot salvage Mr. Hamlin's latest claim. The claimant's residual functional capacity from September of 1985 through September of 1986 was not adjudicated in the first proceeding--and because medical conditions and impairments can change over time, findings as to a claimant's residual functional capacity during one period "[are] not conclusive evidence of [his] residual functional capacity at a later date." Rucker v. Chater, 92 F.3d 492, 495 (7th Cir.1996). Cf. Senters v. Secretary of Health and Human Servs., No. 91-5966, 1992 WL 78102 (6th Cir.1992).
 
 
 11
 Dennard v. Secretary of Health and Human Servs., 907 F.2d 598 (6th Cir.1990), does not compel a different conclusion. In Dennard, different ALJs made different findings regarding the exertional level of the claimant's past work. This court remanded the case for disposition on the basis of the first ALJ's findings. Dennard is not controlling here because the factual question in that case--the exertional level of the applicant's former job--was a static one. The factual question here, in contrast, is transitory. "The level of exertion required to perform a job should not change, but medical conditions do." Rucker, 92 F.3d at 495.
 
 
 12
 It is true that no new medical evidence was presented regarding the 1985-86 period, but this does not help the claimant; gaps in a history of medical treatment are likely to suggest that the claimant was not receiving treatment during the gaps and was not disabled then. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990); Irlanda Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir.1991).
 
 
 13
 The record in the case at bar contains substantial evidence as to Mr. Hamlin's medical problems and the consistent treatment he received from 1981 through 1984; there is no evidence that he sought any treatment from January of 1985 until April of 1987. The logical inference is that he did not seek treatment, and that the reason he did not seek treatment was that his condition had improved. ALJ Daughtrey was not barred from finding Mr. Hamlin capable of performing medium work during the period from September 18, 1985, through September 30, 1986.
 
 B
 
 14
 Mr. Hamlin contends that ALJ Daughtrey constructively reopened the 1984 application for disability benefits because Daughtrey reviewed the same medical evidence that was before ALJ Teitler in the prior proceeding. In this connection Mr. Hamlin cites Crady v. Secretary of Health and Human Servs., 835 F.2d 617, 620 (6th Cir.1987), where we concluded that an ALJ had reopened the claimant's prior application for disability benefits even though the ALJ did not expressly state that he had done so.
 
 
 15
 We reached the conclusion we did in Crady because there the ALJ made no reference to the prior adjudication and determined the claimant's disability status for the same period as the prior adjudication. Id. ALJ Daughtrey, in contrast, expressly stated that he found no reason to reopen Mr. Hamlin's previous applications, and he further stated that he was considering only the unadjudicated period from September 18, 1985, through September 30, 1986. No reopening occurred here, and Crady does not indicate otherwise.
 
 C
 
 16
 Mr. Hamlin's final contention is that ALJ Daughtrey lacked evidentiary support for his finding that Hamlin could perform medium exertional work from September 18, 1985, through September 30, 1986. As discussed above, the absence of any medical treatment during that time is significant. Mr. Hamlin counters that his symptoms remained under control in 1985-86 when he did not exert himself. Mr. Hamlin had received consistent medical treatment from September of 1980 until December of 1984, however, and there was no evidence that his lifestyle was substantially more sedentary in 1985-86 than it had been previously.
 
 
 17
 Mr. Hamlin's testimony regarding his daily activities in 1986 demonstrates his ability to perform medium work then. Mr. Hamlin testified that he carried groceries, mowed the lawn, and helped his wife move furniture. He further testified that, at the time of the hearing, he could probably lift up to 75 pounds at a time; that he could have lifted more in 1986; and that he could have carried 20 or 25 pounds on a frequent basis in 1986. His assessment of his lifting ability corresponds with the definition of medium work contained in 20 C.F.R. § 404.1567(c).
 
 
 18
 ALJ Daughtrey was not required to find Mr. Hamlin disabled on the basis of subjective complaints. Noting inconsistencies in Mr. Hamlin's testimony, the ALJ reasonably concluded that such complaints were exaggerated. A reviewing court should not discard the reasonable credibility findings of a trier of fact. Beavers v. Secretary of Health, Educ. and Welfare, 577 F.2d 383, 387 (6th Cir.1978). We decline to do so here.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Sedentary work involves the lifting of no more than 10 pounds at a time and only occasional walking or standing. Medium work involves the lifting of no more than 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567