**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELVIN S. ALPHA,

         Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

         Defendant-Appellee.

No. 98-7081
(D.C. No. 97-CV-29-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from a district court order affirming the Commissioner's decision to deny social security benefits.

> The rigor of our review in social security matters is captured in the familiar formulation that we closely examine the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards. The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]

Berna v. Chater, 101 F.3d 631, 632 (10th Cir. 1996) (citations and quotations omitted). As explained below, most of plaintiff's appellate argument is outside the proper scope of our review, and the remainder is meritless. Accordingly, we affirm.

The Commissioner found plaintiff had the residual functional capacity (RFC) to perform past relevant work as a truck driver and, consequently, denied benefits at step four of the controlling sequential analysis. Plaintiff challenged this decision in district court on the grounds that (1) the Commissioner did not evaluate the medical evidence properly, particularly the findings of his treating physicians; (2) plaintiff lacks the RFC for substantial gainful activity; and (3) the medical-vocational guidelines (grids) direct a finding of disability. On appeal, plaintiff's new counsel has retained only the third issue, and interjected two new arguments: (1) the denial of a prior application (in 1991) at step five precluded the Commissioner from denying disability at step four on the present claim (in

-2-

1996); and (2) the Commissioner failed to identify and match the demands of plaintiff's past relevant work with his impairments, as required at step four by Social Security Ruling (SSR) 82-62 and such decisions as Henrie v. United States Department of Health & Human Services, 13 F.3d 359 (10th Cir. 1993), and Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996).

The belated presentation of the latter two arguments implicates our general rules barring appellate review of issues not raised and preserved in district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) (recognizing general waiver of issues not raised in district court); see also Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996) (recognizing waiver of issues not preserved by objection to magistrate judge's recommendation). Plaintiff contends these matters are nevertheless properly within the scope of our review because they are merely different articulations of arguments advanced in district court or, if they are new issues, they involve "question[s] of law" whose favorable resolution "is beyond reasonable doubt" and, thus, warrant consideration to avoid a "miscarriage of justice" under Goatcher v. United States Department of Health & Human Services, 52 F.3d 288, 289 n.2 (10th Cir. 1995). The alternate-articulation point is simply belied by the record. Neither plaintiff's first application, nor SSR 82-62 and its associated case law, are even mentioned in plaintiff's district court brief and objection to the magistrate judge's recommendation.

Plaintiff's reliance on the miscarriage of justice exception discussed in Goatcher is also insupportable. First, the argument for administrative res judicata invokes a legal principle, but its applicability depends on the factual context. See, e.g. , Rucker v. Chater , 92 F.3d 492, 494-95 (7th Cir. 1996) and cases discussed therein. Here that context--involving a second RFC finding made nearly five years after the first and based on additional medical evidence and work history developed in the interim--weighs heavily *against* , not indubitably for, application of preclusion principles. Indeed, this court has followed Rucker to reject an argument for res judicata in just this type of situation. See Wilson v. Chater , No. 96-6358, 1997 WL 218486 at **2 (10th Cir. May 1, 1997) (holding that "[b]ecause medical conditions and impairments can change, findings as to a claimant's residual functional capacity during one period '[are] not conclusive evidence of [his] residual functional capacity at a later date'") (quoting Rucker , 92 F.3d at 495).

Second, as for SSR 82-62 and Henrie and Winfrey , which require a comparison of the claimant's determined impairments with the pertinent demands of his past relevant work--that was done here. See Appendix Vol. II at 22-23. While this case did not involve many particularized exertional and nonexertional impairments and, consequently, the comparison process was fairly broad-brushed, that does not indicate error, let alone a miscarriage of justice.

-4-

Finally, plaintiff has throughout the proceedings consistently maintained that he should be found disabled under the grids. However, the Commissioner's denial of benefits at step four, which has not been shown to be in error, obviates consideration of this contention. "A proper finding of . . . nondisability (at steps two, four, or five) is conclusive and, thus, cannot be overturned by consideration of a subsequent step." Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994).

Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.


                                        Entered for the Court


                                        Wade Brorby
                                        Circuit Judge