**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES L. PATTERSON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-2026
(D.C. No. CIV-97-1289)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant James Patterson appeals from the district court's decision affirming the Commissioner's denial of his application for Social Security disability insurance benefits. We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the relevant legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). For the following reasons, we affirm the district court's decision.

Patterson filed his application for benefits in December 1990, claiming disability due to a ventral hernia in the abdominal area and another possible hernia where a colostomy was removed. His application was denied on initial review, on reconsideration, and, following a hearing, on consideration by an administrative law judge. The ALJ found that Patterson could not do his past work as a machinist, which he performed at the medium to heavy exertional level, but that he could perform the full range of sedentary work. In light of Patterson's age of forty-nine, which classified him as a "younger individual," and twelfth-grade education, the ALJ concluded that Rule 201.21 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (the "grids"), would direct a finding that Patterson was not disabled. The Appeals Council denied review, making the ALJ's decision (dated January 24, 1992) the final decision of the Commissioner.

Patterson then filed an action in the district court challenging the ALJ's decision. The magistrate judge to whom the matter was referred noted that the ALJ classified Patterson as a "younger individual" because he was forty-nine years old, but failed to consider the fact that he was only three months shy of his fiftieth birthday, at which point he would be considered as "closely approaching advanced age." If Patterson were classified in the older category, because of his lack of transferable skills, he would be presumptively disabled. *See* Rule 201.14 of the grids. The magistrate judge concluded that Patterson's age fell within the "borderline situation" in which the age categories should not be applied "mechanically," *see* 20 C.F.R. § 404.1563(a), and recommended that the case be remanded:

> In the instant action, the record reflects that an individualized consideration of Plaintiff's borderline age was not made. Instead, the ALJ simply listed Plaintiff's age as 49. Accordingly, the matter should be remanded for a determination by the ALJ as to whether Plaintiff should be considered as a younger person or as a person closely approaching advance[d] age. The [Commissioner] shall set forth the reasons supporting the characterization of Plaintiff as either a younger individual or one closely approaching advanced age.

Appellant's App. Vol. II at 193; *see also Daniels v. Apfel*, 154 F.3d 1129, 1133-36 (10th Cir. 1998) (discussing Commissioner's obligations in applying grids in borderline age situations). In an order dated May 25, 1995, the district court adopted the magistrate judge's analysis and recommendation, explicitly noting the ALJ's failure to address the borderline age issue, and remanded the

case "for further proceedings consistent with this Order." Appellant's App. Vol. II at 195.

On receiving the district court's remand order, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ "for further proceedings consistent with the order of the court." *Id.* at 196. There is no indication in the record that, following the remand, the ALJ (the same one who issued the earlier decision) made any effort to address the borderline age issue that necessitated the remand from the district court. Instead, the ALJ held a second hearing, gathered medical and other evidence subsequent to the prior hearing, and issued another decision. This time, without mentioning his earlier finding that Patterson was limited to sedentary work, the ALJ found that his impairments did not prevent him from performing the wide range of light work. Relying on the testimony of a vocational expert that there were light and sedentary jobs Patterson could perform despite his impairments, the ALJ concluded that he was not disabled. The Appeals Council denied review, and the district court affirmed. Patterson now challenges the Commissioner's decision in this court.

On appeal, Patterson first contends that the doctrine of law of the case prohibited the ALJ from finding on remand that he could perform light work because the ALJ found in his original decision that he was limited to sedentary work and that original finding was accepted by the district court in determining

-4-

that the case should be remanded.  Under the doctrine of law of the case, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case."  *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997).  The doctrine applies to issues both explicitly and implicitly decided.  *See Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 707 (10th Cir. 1993), *modified on other grounds*, 39 F.3d 1078 (10th Cir. 1994).  "An important corollary of the doctrine, known as the 'mandate rule,' provides that a district court must comply strictly with the mandate rendered by the reviewing court."  *Ute Indian Tribe*, 114 F.3d at 1520-21 (quotation omitted).  Although primarily a doctrine applicable between courts of different levels, the doctrine and the mandate rule apply to judicial review of administrative decisions, and "require[] the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart."  *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998); *see also Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir. 1997).

Apparently recognizing that issues not raised in the district court are waived on appeal, *see Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994), Patterson acknowledges that he did not raise the issue of law of the case in the district court.  He contends, however, that the issue should not be considered

waived because he did argue collateral estoppel and "the premise underlying both doctrines is the same." Appellant's Br. at 7. He further contends that "[t]he only difference between the doctrines is that collateral estoppel applies if the claimant filed two applications, and the doctrine of law of the case applies where, as here, the claimant has filed only one application." *Id.* n.3. While we agree there is some similarity in the principles underlying the two doctrines, given the differences between the doctrines, the way Patterson argued for collateral estoppel in the district court, and the reasons behind the waiver rule, we cannot agree that Patterson has preserved his argument regarding law of the case for appellate review.

This is how Patterson presented his collateral estoppel argument in the district court:

> Under the doctrine of collateral estoppel, embodied in 42 U.S.C. § 405(h), once an issue of law or fact has been decided, revisitation of that issue is precluded. Collateral estoppel applies if the issue previously decided is identical to the one presented in the action in question. Once the ALJ made his finding that Mr. Patterson was limited to sedentary work for the time period in question, he is precluded from changing that finding to a higher exertional level without evidence that the claimant's condition improved.
>
> This doctrine is also recognized by the Social Security Administration's regulations, as well as its internal operating procedures . . . . The ALJ was obligated to consider whether collateral estoppel applied to Mr. Patterson's case. This court should remand this case with instructions that the ALJ find Mr. Patterson disabled under the grids, because a finding of an RFC [residual functional capacity] for sedentary work requires such a finding.

Appellant's App. Vol. I at 11-12 (citations omitted). As can be seen, this argument does not mention the district court's prior decision, any implicit finding that Patterson was limited to sedentary work, or any restriction on the issues the ALJ could permissibly consider on remand due to the narrow scope of the court's mandate. Instead, it pertains only to what the ALJ did in his first decision as a limit on what he could do in his second. Patterson's argument never focused the district court on the effect of *the court's* prior ruling on the ALJ's subsequent decisionmaking, but instead focused the court's attention only on the effect of *the ALJ's* prior decision. The basis for the district court's rejection of his collateral estoppel argument--the fact that the periods under consideration were different--is generally not a reason excusing application of law of the case, at least absent some compelling reason that is not evident here. [2]

---

[2]   The district court noted that "collateral estoppel does not apply if the time periods under review differ," and concluded the doctrine should not apply here because the ALJ issued his second decision four years after the first and considered additional evidence unavailable at the time of the first decision. *See* Appellant's App. Vol. I at 41 (citing *Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996)).

We also note that Patterson did not argue to the Appeals Council that the district court's order limited the ALJ's ability to readdress Patterson's residual functional capacity. He argued only that "[i]n his January 14, 1992 decision, the ALJ found an RFC for sedentary work. Now that Mr. Patterson is 50 years of age, Grid Rule 201.14 would direct a finding of disabled." *Id.* Vol. II at 158. Patterson has been represented by the same counsel since his request for review of the first ALJ decision.

Thus, as Patterson has argued them, the two doctrines are really not very similar. *See Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1233 (10th Cir. 1997) (raising theory on appeal merely related to one raised in district court not sufficient to preserve issue for review). Moreover, the court issuing a mandate governing further proceedings is in the best position to interpret the scope of that mandate, *see Steahr v. Apfel*, 151 F.3d 1124, 1126 (8th Cir. 1998); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992), and Patterson's argument never gave district court the opportunity to do that. Thus, by considering his argument regarding law of the case raised for the first time on appeal, we would not only be "usurping the role of the first-level trial court," *Anschutz Land & Livestock Co. v. Union Pac. R.R.*, 820 F.2d 338, 344 n.5 (10th Cir. 1987), but we would also be interpreting the scope of the district court's order in the first instance. *Cf. G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990) (district court "surely knows more about the meaning of its own orders than we do"). For these reasons, we conclude that Patterson did not adequately present his law-of-the-case argument to the district court, and that he has waived that issue. *See Crow*, 40 F.3d at 324.

Patterson's second argument on appeal is that the ALJ's finding that he can perform light work is not supported by substantial evidence. The crux of his argument is that there is no evidence that he can perform the standing and sitting

requirements of light work. While the evidence is by no means overwhelming in either direction on this point, the ALJ relied on the opinion of consultative examining physician Dr. Davis, who concluded that "[s]tanding and walking are not particularly impaired, although he does get some abdominal pain. By his history, he can walk for about a mile and a half if he wears an abdominal support." Appellant's App. Vol. II at 202-03. This opinion is sufficient to support the ALJ's finding that Patterson can perform the standing and walking requirements of light work. [3]

AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[3] Because we reject this argument, we also reject his related argument that since he cannot perform light work, the ALJ's reliance on the vocational expert's testimony that there were sedentary jobs he could perform violated the presumptive finding of disability that would be dictated by application of the grids.