# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4285

_____

Carol Walker,                                          *
                                                       *
            Appellant,                                 *
                                                       *
      v.                                               *   Appeal from the United States
                                                       *   District Court for the
Kenneth S. Apfel, Commissioner of                      *   District of Minnesota
Social Security,                                        *
                                                       *
            Appellee.                                  *

_____

Submitted:   September 17, 1998

Filed:   November 30,  1999

_____

Before  McMILLIAN,  RICHARD  S.  ARNOLD,  and  MORRIS  SHEPPARD
      ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

      Carol L. Walker appeals from the final judgment entered in the District Court[1]
for the District of Minnesota affirming the Social Security Commissioner's decision to
deny her application for supplemental security income (SSI).  For reversal, Walker

_____

      [1]The Honorable David S. Doty, United States District Judge for the District of
Minnesota, adopting the report and recommendations of the Honorable Jonathan G.
Lebedoff, United States Magistrate Judge for the District of Minnesota.

argues that the administrative law judge (ALJ) was collaterally estopped from finding she could perform her past relevant work by a prior finding that she could not, and that the ALJ erred in determining she was not disabled under the Vocational Guidelines (the "grid"). For the reasons discussed below, we affirm the judgment of the district court.

Walker first applied for SSI in October 1989. After an October 1991 hearing, the ALJ found Walker was severely impaired by degenerative joint disease in her back and knees and by hypertension, and her impairments precluded her from performing her past relevant work of motel cleaner and sewing machine operator. The ALJ then found that given Walker's residual functional capacity (RFC), age, education, and work experience, she could perform such jobs as office helper, packager, and inspector, and thus was not disabled. In making this finding, the ALJ relied on the report of a vocational expert (VE), which shows the VE had originally listed motel cleaner, sewing machine operator, assembler, and clerk as Walker's past relevant work but had crossed out assembler and clerk. The Appeals Council denied review, and Walker did not appeal further.

In May 1993, Walker filed the instant SSI application, alleging disability due to depression, high blood pressure, and arthritis. At a February 1995 hearing, the same ALJ who had presided over the October 1991 hearing explained that he was not admitting exhibits from the prior hearing on the merits, but only on the issue of whether to reopen the prior decision; and that if he decided to reopen, he would include those exhibits as well. Walker then testified as to her daily activities and her past work as a clerk-typist; and a VE testified that, from an exertional perspective, Walker could perform clerk-typist work. After also considering Walker's medical records from November 1992 to April 1995, the ALJ concluded Walker could return to her past relevant work as a clerk-typist; alternatively, could perform other jobs such as office helper and cashier II; and was not disabled.

We conclude the ALJ applied the correct legal standards in reaching his decision. See 42 U.S.C. § 405(g); Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). The ALJ was not collaterally estopped from finding that Walker could return to her past relevant work as a clerk-typist. See 20 C.F.R. § 416.1450(f) (1998) (collateral estoppel in SSI determinations). First, at the February 1995 hearing, the ALJ relied only on new evidence, such as Walker's November 1992 to April 1995 medical records and her testimony regarding her past work as a clerk-typist. Cf. Gavin v. Heckler, 811 F.2d 1195, 1200 (8th Cir. 1987) (holding ALJ was collaterally estopped from reevaluating evidence pre-dating first hearing). Second, the ALJ had not made a specific finding in the 1991 decision that Walker was unable to perform the work of a clerk-typist, and the fact that the VE listed and crossed out "clerk" in her report does not conclusively show the VE had considered that position as Walker's past relevant work. Cf. Hardy v. Chater, 64 F.3d 405, 406-07 (8th Cir. 1995) (holding collateral estoppel did not apply where ALJ had found in prior application that claimant could not return to past relevant medium work but could perform full range of light work, and different ALJ found in later application that claimant could return to past relevant work after considering additional evidence that led him to reclassify past relevant work as light work). Last, the ALJ's 1995 decision did not contradict his previous ultimate finding that Walker was not disabled. See id. at 407.

We reject Walker's argument that the ALJ should have found her disabled under the grid based on his findings regarding her RFC. Because the ALJ relied on VE testimony regarding Walker's particular limitations, he did not need to rely on the grid. Cf. Mackinaw v. Bowen, 866 F.2d 1023, 1024 (8th Cir. 1989) (where claimant's relevant characteristics differ from those contemplated by grid, Commissioner must produce VE testimony or similar evidence to establish jobs available in economy for claimant). The ALJ properly called a VE to testify after determining that Walker's limitations fell between the sedentary and light ranges of work. See Social Security Ruling 83-12(2)(c) (1983) (where limitations place claimant in middle of two categories, VE assistance is advisable).

Accordingly, we affirm the judgment of the district court.

A true copy.

      Attest:

              CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.