**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided June 30, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2585

| | |
|---|---|
| MICHAEL W. GREENWELL, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:18-cv-00102-TWP-DML |
| ANDREW M. SAUL, Commissioner of Social Security, *Defendant-Appellee*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Michael Greenwell appeals the district court's decision to uphold an administrative law judge's denial of his application for supplemental security income. He asserts that numerous mental and physical impairments render him unable to work and questions why the ALJ denied his application even though his health has not improved since a prior period when he qualified for benefits. But Greenwell fails to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

engage with the ALJ's reasoning or otherwise establish that the decision is not supported by substantial evidence. We therefore affirm.

Greenwell, who was 40 years old when he filed the application now under review, lives with a variety of mental and physical impairments. He attended school through tenth grade in special-education courses, after which he briefly worked as a tow truck operator and a manual laborer, but he has not been employed for the past 20 years. In 2006, Greenwell started receiving supplemental security income (the means-tested program providing benefits to disabled low-income individuals who have not earned enough work credits to qualify for social security disability insurance). His benefits, however, ceased when he was jailed for shoplifting. Greenwell applied for benefits again in 2012, but his application was denied in February 2014, and he did not seek judicial review.

Instead, Greenwell applied for benefits again (as was his right), asserting that he cannot work because of bipolar disorder, diabetes, depression, anxiety, back problems, and neuropathy in his legs and feet. After the Social Security Administration denied his claim on initial review and on reconsideration, Greenwell—who waived his right to be represented by an attorney—had a hearing before an ALJ. He testified about his medical impairments and the limitations they caused. A vocational expert also testified.

After the hearing, the ALJ applied the required five-step analysis, *see* 20 C.F.R. § 404.1520(a)(4), and found that Greenwell was not disabled. At step one, the ALJ determined that Greenwell had not engaged in substantial gainful activity since filing his application. The ALJ then found at steps two and three that Greenwell had seven severe impairments but that none met or equaled a listing for a presumptively disabling condition.

Next, the ALJ determined that Greenwell has the residual functional capacity to perform light work, *see* 20 C.F.R. § 416.967(b), with additional limitations. To account for Greenwell's physical impairments, the ALJ determined that Greenwell must be allowed to sit or stand every 30 to 45 minutes. Although he could frequently use his hands to handle, grasp, finger, and feel, he could only occasionally stoop, crouch, kneel, crawl, or climb ramps or stairs. Further, Greenwell could occasionally use his feet to operate foot controls but could never climb ladders, ropes, or scaffolding. As for Greenwell's mental impairments, the ALJ determined that he could sustain concentration, persistence, and pace for two hours at a time and could perform simple and routine tasks, as long as changes to his routine or environment were rare and were

introduced gradually. The ALJ found that Greenwell could have occasional contact with supervisors or co-workers but no contact with the public. He also found that Greenwell could not do fast quota-based tasks or tasks that require reading.

When assessing Greenwell's physical limitations, the ALJ cited the findings from clinical examinations by treating and consulting medical professionals, the results of diagnostic imaging, the history of his providers recommending only conservative courses of treatment, and the "mild" restrictions in Greenwell's activities of daily living. The ALJ gave great weight to the opinion of the state-agency non-examining physician who reviewed the medical record and concluded that Greenwell had the functional ability to perform light work. In explaining Greenwell's mental limitations, the ALJ cited his psychiatric examinations and gave great weight to the opinions of the psychological consultative examiner and the state-agency non-examining psychologist, who both assessed Greenwell's cognitive ability. Further, the ALJ noted that while Greenwell's impairments could be expected to produce his alleged symptoms, his statements about the intensity, persistence, and limiting effect of his symptoms was "not entirely consistent" with the medical evidence.

At step four, the ALJ concluded that Greenwell had no past relevant work that he could perform. Finally, at step five, the ALJ determined that, based on the residual functional capacity and the vocational expert's testimony at the hearing, a significant number of jobs existed in the national economy that Greenwell could perform with his past work experience, age, and education.

After the Appeals Council denied his request to review the ALJ's decision, Greenwell turned to the district court. He submitted additional evidence, including medical documents not in the administrative record. The district court concluded that substantial evidence supported the ALJ's determination that Greenwell was not disabled. The court did not rely on the additional evidence, determining that it was either cumulative or fell outside the relevant time period for his application. (The denial of Greenwell's previous application in February 2014 had opened a new "relevant time period" for this application, which lasted through the date of the ALJ's decision on November 30, 2017.)

On appeal, Greenwell devotes the majority of his brief to describing his numerous mental and physical impairments and how they affect his daily life and render him unable to work. To prevail, however, Greenwell must persuade us that the ALJ's decision was not supported by substantial evidence—that is, "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). Although Greenwell requests that we "reinstate" his disability benefits, he does not engage with the ALJ's decision that the medical record and other evidence demonstrate an ability to work despite his severe impairments, precluding an award of benefits. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("We review the ALJ's 'not disabled' decision directly, without deferring to the district court's assessment" and consider only "the ALJ's rationales").

We construe pro se filings liberally, but a litigant still must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that a brief present a cogent legal argument with citations to authority and relevant parts of the record. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Because Greenwell does not develop arguments addressing the ALJ's reasoning, any challenges are waived. *See Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018). We therefore have no ground for disturbing the ALJ's decision or the district court's judgment upholding it.

For Greenwell's benefit, however, we acknowledge his assertions that his condition has worsened and that he has new impairments (diagnosed after the administrative hearing) that warrant awarding him disability benefits. In this appeal, though, our review is limited to the ALJ's assessment of Greenwell's "condition as it existed at or prior to the time of the administrative hearing" in November 2017. *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). If Greenwell "has developed additional impairments, or his impairments have worsened" since the application under review, he may submit a new one. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

Greenwell also suggests that the ALJ necessarily erred by not finding him disabled even though he had been awarded benefits in the past and now suffers from "more mental and physical illnesses." But the ALJ was not bound by any previous decision granting benefits for a different time period. *See Penrod ex rel. Penrod v. Berryhill*, 900 F.3d 474, 477 (7th Cir. 2018); *Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996). Greenwell suspects that his criminal conviction may have influenced the two subsequent denials of benefits—a form of additional punishment. But Greenwell has only his own speculation to support what amounts to an accusation of bias or similar impropriety; he has no evidence that the ALJ based his decision on anything other than the statutory criteria and the medical record. *See Keith v. Barnhart*, 473 F.3d 782, 787–88 (7th Cir. 2007).

AFFIRMED