859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur J. GOSSENS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1980.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Arthur J. Gossens appeals from the district court's judgment affirming the Secretary of Health and Human Services' decision that he was not disabled and, therefore, not entitled to a period of disability and disability insurance benefits. For the following reasons, we vacate the district court's judgment and remand this case for further proceedings.
 
 I.
 
 2
 Gossens previously had been awarded a period of disability and disability insurance benefits as of July 31, 1974. Gossens's benefits were terminated, however, as of March 31, 1982, because the Secretary determined that as of January, 1982, claimant's impairment was no longer of sufficient severity to prevent substantial gainful activity. Gossens requested reconsideration of that decision, but on May 24, 1982, the Secretary determined that the previous decision terminating benefits was proper under the law. Thereafter, Gossens sought no further review and allowed the reconsideration decision to become the final decision of the Secretary, binding on the parties. See 20 C.F.R. Sec. 404.921.
 
 
 3
 Thereafter, on August 25, 1982, Gossens filed a second application for a period of disability and disability insurance benefits. This application alleged a disability onset date of July 31, 1974, the date on which he previously had been adjudged to be entitled to a period of disability and disability insurance benefits. Gossens's second application was denied initially and upon reconsideration. Claimant requested a hearing before an Administrative Law Judge (ALJ) which was held on October 19, 1983.
 
 
 4
 On March 6, 1984, the ALJ issued a decision which considered Gossens's allegation of disability as of July 31, 1974, without regard to administrative res judicata. The ALJ concluded that claimant was not entitled to a period of disability or to disability insurance benefits at any time through the date of the decision. The ALJ added that although a period of disability previously had been established from July of 1974 through March of 1982, there was an indication in the record that claimant may have engaged in substantial gainful activity during the time in which he received disability insurance benefits.[1] Therefore, the ALJ recommended that the district office conduct a thorough investigation to determine whether an overpayment exists regarding the aforementioned period.[2]
 
 
 5
 The Appeals Council denied Gossens's request for review on September 14, 1984, and adopted the ALJ's decision as the final decision of the Secretary. Thereafter, claimant filed a brief in support of his request for review of the ALJ's decision. The Appeals Council considered the issues raised in claimant's brief, but decided that there was no basis for vacating its previous action. Accordingly, the ALJ's decision dated March 6, 1984, remained the final decision of the Secretary.
 
 
 6
 Gossens then filed the present action for judicial review in district court pursuant to 42 U.S.C. Sec. 405(g). Upon consideration of the parties' cross-motions for summary judgment, the district court filed an opinion and judgment on August 7, 1987, which granted the Secretary's motion for summary judgment and dismissed the complaint.
 
 
 7
 Gossens thereafter filed this timely appeal.
 
 II.
 
 8
 Claimant argues, inter alia, that the Secretary failed to follow the proper standard in terminating his previous grant of a period of disability and disability insurance benefits, necessitating a remand. The Secretary argues that consideration of the termination decision is barred by administrative res judicata. We hold that the Secretary did not apply the doctrine of administrative res judicata to the instant claim for a period of disability and disability insurance benefits. Because we are unable to determine the grounds for and the extent of the Secretary's reopening of his prior decisions, we remand this case for clarification.
 
 
 9
 If a claimant presents the same claim in successive applications for disability insurance benefits, the ALJ may choose to apply the doctrine of administrative res judicata. 20 C.F.R. Sec. 404.957(c)(1); Crady v. Secretary of Health & Human Servs., 835 F.2d 617, 620 (6th Cir.1987). The regulations, however, also provide for the reopening of prior decisions otherwise final under certain circumstances. 20 C.F.R. Sec. 404.987; Crady, 835 F.2d at 620. Decisions of the Secretary may be reopened within twelve months of the date of the notice of the initial determination "for any reason," within four years of that date for "good cause," and at any time in certain enumerated situations, including if the decision was obtained by "fraud or similar fault." 20 C.F.R. Sec. 404.988(a), (b), (c). The ALJ may reopen a prior decision even though he makes no express statement that he has done so. Crady, 835 F.2d at 620. See Wilson v. Califano, 580 F.2d 208, 212 (6th Cir.1978). "A final decision by the Secretary will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level.' " Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir.1985) (quoting McGowan v. Harris, 666 F.2d 60, 65 (4th Cir.1981)).
 
 
 10
 In the instant case, the Secretary's decision terminating his previous grants possibly could have been reopened for good cause as defined in 20 C.F.R. Sec. 404.989 since less than four years had elapsed before the ALJ's decision. The Secretary's decision granting a period of disability and disability insurance benefits, on the other hand, could have been reopened only for fraud or similar fault or some other ground enumerated in section 404.988(c). We know that the ALJ considered Gossens's allegation of disability as of July 31, 1974, without regard to administrative res judicata. It is unclear, however, which of the Secretary's previous determinations the ALJ reopened. The ALJ may have reconsidered on the merits the Secretary's prior decisions both to grant a period of disability and disability insurance benefits and to terminate its previous grants. It is also possible that the ALJ merely reopened the Secretary's decision terminating its previous grants.
 
 
 11
 The unusual circumstances present in the instant case necessitate a remand for clarification. The Secretary must clearly indicate which of his previous decisions was reopened in the instant case and upon what grounds he relies as authority for the reopening in order for the courts to conduct the proper review.[3] We note that in addition to the varied and limited circumstances under which the Secretary's different determinations may be reopened, the standard of review for termination of disability benefits is now governed by 42 U.S.C. Sec. 423(f), while review of the grant or denial of benefits is governed by 42 U.S.C. Sec. 405(g).
 
 
 12
 For the foregoing reasons, the district court's judgment is VACATED and this case is REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 The ALJ was referring to a statement in a January, 1982 doctor's report that claimant's wife and he managed a motel until recently when it became "too much" for both of them and it was sold
 
 
 [2]
 The ALJ made the apparently contradictory finding, however, that claimant has not engaged in substantial gainful activity since July 31, 1974
 
 
 [3]
 As part of this clarification, the Secretary shall indicate the effect to be given to the ALJ's "recommendation" that the district office conduct a thorough investigation to determine whether an overpayment exists concerning the period from July of 1974 through March of 1982