**Donald DENNARD, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

**No. 89–1777.**

United States Court of Appeals, Sixth Circuit.

Argued March 12, 1990.

Decided April 10, 1990.

Kenneth F. Laritz (argued), Warren, Mich., for plaintiff-appellant.

Henry S. Kramzyk (argued), Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, Ill., Peter A. Caplan, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, Mich., for defendant-appellee.

Before WELLFORD and RYAN, Circuit Judges; and LIVELY, Senior Circuit Judge.

PER CURIAM.

The plaintiff, Donald Dennard, filed an application in 1981 for social security benefits claiming a disability which began on July 7, 1981. The application was initially denied, and his request for reconsideration was denied on March 16, 1982. A hearing was held before an Administrative Law Judge (ALJ) on September 28, 1982. The ALJ concluded that Dennard was capable of performing sedentary work, that he had acquired transferable skills from his past employment, and that he was not disabled within the meaning of the Act. The Appeals Council denied his request, and the district court affirmed the secretary's decision.

Dennard subsequently filed another application for benefits on March 25, 1985, this time claiming a disability onset date of September 29, 1982.[1] In his application, he alleged disability based on degenerative arthritis, a ruptured disc, irregular heartbeat,

---

1. Dennard's prior claim, based on a similar disability, was denied by the district court (Judge Gilmore, No. 83 CV 1094) on August 31, 1983.

He cannot claim a disability date prior to that decision, which was not appealed.

and hypertension. This application was denied initially and again upon reconsideration. A hearing was held before ALJ Golden, who found the plaintiff not disabled. The Appeals Council denied review, and the plaintiff then sought judicial review. By stipulation, the district court remanded the case for a new hearing to obtain and develop the medical evidence and to obtain additional vocational testimony. The Appeals Council then vacated its prior decision and a new hearing was held before ALJ Kalt, who found in 1988 that the plaintiff was not disabled and the Appeals Council affirmed the ALJ. Subsequently, both parties sought judicial review, and the magistrate assigned to the case recommended that the plaintiff be found disabled within the meaning of the Act. The district court reviewed the record de novo and concluded that the Secretary's decision denying benefits to Dennard was supported by substantial evidence and thus granted the secretary's motion for summary judgment. From that adverse determination, Dennard now appeals.

Dennard, born in 1929, completed high school, and most recently worked as a "resident aide care supervisor" at a psychiatric hospital. He has not engaged in substantial gainful activity since September 29, 1982. This would be the earliest date of entitlement and plaintiff would have to show a significant deterioration since 1981, when he was determined not to be disabled. The medical evidence in the record establishes that the plaintiff does have moderately severe lumbar spine degenerative problems, but such condition does not affect his range of motion in any significant manner. His hypertension and irregular heartbeat are controlled by medication. ALJ Golden found that Dennard's complaints of pain were not consistent with the medical evidence in the record. At the 1985 hearing before the ALJ, vocational expert Dr. Peter Fotiu described Dennard's past relevant work as a resident care aide supervisor as light and semi-skilled. He found that Dennard's job skills were transferable to other jobs in the supervisory field, and that there were numerous positions which he could fill. ALJ Golden de-

termined that Dennard had the residual functional capacity to "perform the requirements of work except for prolonged standing or walking, manipulation of more than 10 pounds, heavy or extensive bending, or prolonged sitting that would not allow him an opportunity to stand occasionally to alleviate perceptions of discomfort...." While the ALJ determined that Dennard was unable to perform his past relevant work, he did determine that Dennard could perform sedentary work.

On April 6, 1988, ALJ Kalt issued a decision again finding that Dennard was not disabled. In this decision, the ALJ determined that while the plaintiff did suffer from some impairments, these impairments did not prevent him from performing his past relevant work. The vocational expert, Miriam Mossoff, first determined, based on Dennard's testimony at the prior hearing only, that his past work as a resident care aide supervisor was semi-skilled in nature and heavy to very heavy in terms of exertional level. When reviewing the job description submitted by Dennard with his application for benefits, however, she found that the job description did not entail direct patient contact such that he would have to lift patients and that considering the job description only, the job was semi-skilled, sedentary to light in nature, and that plaintiff had acquired skills which would be transferable quite easily to other jobs.

The magistrate, however, found that Dennard was disabled. He felt that ALJ Kalt had relied solely upon a job description in the *Dictionary of Occupational Titles* in finding that Dennard's employment as a resident care aide supervisor was sedentary to light. The magistrate, relying on *Carter v. Secretary of Health and Human Services*, 834 F.2d 97, 98 (6th. Cir. 1987), found that the plaintiff's description of his former job as heavy in exertion was controlling and that the ALJ erred in finding that Dennard's former job was sedentary to light.

The district court disagreed with the magistrate, finding that while Dennard could not perform his past *specific* job,

**600**

claimant "must prove 'an inability to return to his former *type* of work and not just to his former job'." *Studaway v. Secretary of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987) (emphasis in original).

The plaintiff contends that in the prior 1982 decision on Dennard's initial application for benefits, the Secretary determined that he could not perform his past relevant work. ALJ Kalt and previously ALJ Golden were precluded by estoppel from reconsidering the issue to find that he could perform this work. The Secretary had determined that Dennard could not return to his past work as a resident care aide supervisor which was found to be heavy in exertional level, based on Dennard's testimony, but that he had the residual functional capacity to perform sedentary work and was thus not disabled. It seems clear that both ALJ Golden and ALJ Kalt reconsidered the nature and extent of Dennard's exertional level in his former job as a resident care aide supervisor.

Section 405(h) provides that:

[t]he *findings* and decision of the secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h) (emphasis added). The plaintiff relies on *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir.1987), to support his position. *See also Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir.1987) (principle of res judicata, collateral estoppel, invoked to prevent the ALJ from reevaluating evidence presented at an earlier hearing); and *Lively v. Bowen*, 858 F.2d 177 (4th Cir.1988).

We are persuaded that under the circumstances, we must remand this case to the Secretary to determine whether Dennard is disabled in light of the prior determination that he could not return to his previous employment. We regret this delay in determination and further effect the remand limited to the earliest possible date of entitlement to be August 31, 1983.

The case is REVERSED and REMANDED on the conditions and circumstances herein set forth.