940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas J. KOLOMJEC, Jr. Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1188.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas J. Kolomjec, Jr., appeals a summary judgment which affirmed the Secretary's denial of his application for social security disability benefits. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Cf. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Kolomjec alleged disability from January 15, 1979, due to pain in his back and legs. Prior to that time, he had worked as a truck driver and dispatcher. Kolomjec had filed an application for disability benefits in 1982. However, that application was denied because an administrative law judge (ALJ) determined that Kolomjec could perform a full range of sedentary work, even though he was no longer able to perform the heavy work required of a truck driver.
 
 
 3
 Kolomjec filed his current application for disability benefits in 1988. A hearing was held before a second ALJ, who denied the claim because he determined that Kolomjec could perform his past work as a dispatcher. The ALJ also indicated that Kolomjec had the residual capacity to perform light work. The second ALJ's opinion became the final decision of the Secretary on May 30, 1990, when the appeals council denied further review.
 
 
 4
 Kolomjec filed a complaint in federal district court, and a magistrate subsequently recommended that the Secretary's motion for summary judgment be granted. Kolomjec filed timely objections to the magistrate's report. Nevertheless, on December 20, 1990, the district court adopted the magistrate's recommendation and entered a judgment for the Secretary. It is from this judgment that Kolomjec now appeals.
 
 
 5
 The standard of review that applies to this case was articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted).
 
 
 8
 Kolomjec argues that the Secretary's previous finding that he could perform sedentary work precludes the Secretary's current determination that he can perform his past work. Cf. Dennard v. Secretary of Health and Human Services, 907 F.2d 598 (6th Cir.1990) (per curiam). The medical-vocational guidelines would direct a finding of disability if Kolomjec had been limited to sedentary work. 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.06. However, the guidelines are not considered in determining disability if a claimant is able to perform his past work. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989).
 
 
 9
 In Dennard, this court held that a prior determination by the Secretary regarding the exertional level of a claimant's past work was binding in subsequent proceedings. 907 F.2d at 600. However, the exertional level of Kolomjec's work as a dispatcher was not determined by the first ALJ. Thus, Dennard is not directly apposite to the case at hand. Furthermore, the controversy over Kolomjec's residual capacity is not determinative of his ability to perform his past work. This is so because the testimony of a vocational expert indicates that Kolomjec's past work as a dispatcher was at a sedentary level. In addition, Kolomjec's own testimony indicates that he could have continued to perform his job as a dispatcher. See Maher v. Secretary of Health and Human Services, 898 F.2d 1106, 1110-11 (6th Cir.1989). Thus, the record contains substantial evidence to support the Secretary's finding that Kolomjec could perform his past work as a dispatcher.
 
 
 10
 Kolomjec's brief suggests that his job as a dispatcher did not last long enough to be relevant to his work history. However, appellate review of this argument is limited by Kolomjec's failure to raise it in his objections to the magistrate's report. A party waives his right to appeal if he does not file objections to a magistrate's report after being advised to do so. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Moreover, even if timely objections are filed, appellate review is waived with regard to any issue that is not raised in the objections. Crum v. Sullivan, 921 F.2d 642, 645 & n. 1 (6th Cir.1990). Kolomjec's objections to the magistrate's report were limited to the single issue of whether the first ALJ's finding with regard to his exertional capacity was controlling in his case. Thus, Kolomjec has waived any argument that he might have had regarding the relevancy of his past work as a dispatcher. Similarly, we do not construe Kolomjec's brief or his objections to the magistrate's report as containing any argument that the first ALJ's finding that Kolomjec could not perform his past relevant work as a truck driver precluded the second ALJ from finding that other past relevant work existed which Kolomjec could perform. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.