**Mary Ann JACKSON, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 98–10292.

United States District Court,
E.D. Michigan,
Northern Division.

July 27, 1999.

Kenneth F. Laritz, Clinton Township, MI, for Mary Ann Jackson, plaintiff.

Elizabeth J. Larin, United States Attorney's Office, Detroit, MI, for Commissioner of Social Security, defendant.

### ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION

ROBERTS, District Judge.

**I.** *Introduction*

On April 23, 1999, Magistrate Judge Charles E. Binder issued a Report and

Recommendation that this Court remand this action for further administrative proceedings. Plaintiff Mary Ann Jackson filed Objections on April 29, 1999, to which Defendant Commissioner of Social Security responded on May 13, 1999. After review of Plaintiff's Objections, the Court will decline to adopt Magistrate Binder's Report and Recommendation. Instead, the Court will grant Plaintiff's Motion for Summary Judgment.

## II. *Background*

This action is a review of Administrative Law Judge William J. Musseman's April 16, 1997 decision to deny Plaintiff's February 8, 1996 application for disability benefits. In his decision, ALJ Musseman found Plaintiff to suffer from the severe impairments of upper and lower back pain and right carpal tunnel syndrome. (Tr. at 21). He further found that Plaintiff was unable to perform her past relevant work, but that she had "highly marketable transferable skills" that would allow her to perform a number of sedentary, semi-skilled positions which exist in the national and regional economy. (Tr. at 20–22). Consequently, ALJ Musseman determined that Plaintiff was not disabled as defined by the Social Security Act. (Tr. at 22).

The hearing before ALJ Musseman pertained to Plaintiff's second application for disability benefits. Plaintiff's first application was filed on June 17, 1992 and was heard by ALJ Robert D. Stalker. Like ALJ Musseman, ALJ Stalker held in his June 22, 1994 decision that Plaintiff could not perform her past relevant work. However, unlike ALJ Musseman, Plaintiff was

found by ALJ Stalker to "not have any acquired work skills, which are transferable to the skilled or semiskilled work functions of other work." (Stalker at 12 [1]).

Notably, in his decision, ALJ Musseman found that *res judicata* precluded Plaintiff from claiming any benefits on or before June 22, 1994, the date of ALJ Stalker's decision. (Tr. at 16). In her Objections, Plaintiff claims that *res judicata* also prevented the Commissioner from relitigating the issue of whether Plaintiff had transferrable skills. The Court agrees.

## III. *Analysis*

The facts of this case are highly analogous to the Sixth Circuit opinions of *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir.1990) and *Drummond v. Commissioner of Social Sec.*, 126 F.3d 837 (6th Cir.1997).

In *Dennard*, an ALJ had found the plaintiff to be unable to perform his past relevant work and to only be capable of sedentary work. A subsequent ALJ held that the plaintiff was capable of performing his past relevant work. The Court of Appeals held that the Commissioner was bound by the earlier determination that the plaintiff was unable to perform his past work. In support of its holding, the *Dennard* court cited 42 U.S.C. § 405(h), which provides in part, "The findings and decision of the secretary after a hearing shall be binding upon all individuals who were parties to such hearing." [2]

Similarly, in *Drummond, supra.*, the court held the Commissioner bound by its

---

**1.** ALJ Stalker's decision is attached to Plaintiff's Motion for Summary Judgment, which is document 10 of this Court's file.

**2.** The *Dennard* court also cited, *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir.1987), with approval. *Lively* held that *res judicata* precluded the Commissioner from finding the plaintiff to be capable of performing medium work after an earlier finding that he could perform only light work. The *Lively* court reasoned:

> Congress has clearly provided by statute that res judicata prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final, 42 U.S.C. § 405(h), and the courts have readily applied res judicata to prevent the Secretary from reaching an inconsistent result in a second proceeding based on evidence that has already been weighed in a claimant's favor in an earlier proceeding.

*Lively* at 1392.

decision that the plaintiff was incapable of doing her previous work and could perform only sedentary work. Thus, the court reversed the Commissioner's later decision that the plaintiff could perform medium level work, including her past relevant work.

In its Motion for Remand, the Commissioner urges the Court to remand this case so that it can review the issue of whether Plaintiff has transferrable skills—*for a third time*—"In light of the testimony of the VE [vocational expert] at the 1997 hearing and consistent with AR 98–3(6)[3] . . . ." (Dft's Resp. at 2).

Magistrate Binder agrees with the Commissioner, reasoning that there was considerable evidence presented to ALJ Stalker that was not presented to ALJ Musseman. That same evidence is not available for this Court's review, Magistrate Binder continues. He also found the VE testimony before ALJ Stalker to be inconsistent with his decision that Plaintiff did not have transferable skills and inconsistent with the VE testimony before ALJ Musseman.

This Court is not persuaded by the reasoning of Magistrate Binder that remand of this case is warranted. In granting the Plaintiff's Motion for Summary Judgment, the Court is guided by the following discussion by the *Drummond* court of the principles of *res judicata* and its application to administrative proceedings.

> *Res judicata* is a common-law concept which prescribes that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Res judicata* and the related concept of collateral estoppel (which refers to issue preclusion) are intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Res judicata* bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue.

> Courts have traditionally applied the concept of *res judicata* to decisions by administrative agencies when a final judgment has been reached. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.

*Drummond* at 840, (citations and quotation marks omitted).

■ Applying these principles to this case, there can be no question that, once ALJ's Stalker's decision that Plaintiff did not have transferrable skills became final, the Commissioner was prohibited by *res judicata* from relitigating that issue. Any errors or inconsistencies in ALJ Stalker's decision do not lessen its binding effect. The bar of *res judicata* does not only apply to good decisions. Thus, ALJ Musseman's inconsistent decision that Plaintiff has transferrable skills cannot be allowed.

---

3. Acquiescence Rulings ("AR") 98–3(6), referring to *Dennard*, and AR 96–4, referring to *Drummond*, were both issued on June 1, 1998, eight years following *Dennard*. In each Acquiescence Ruling, the Commissioner apparently agrees to bind itself by the Sixth Circuit precedent that is binding even without the Commissioner's acquiescence. According to both AR 98–3(6) and AR 96–4 an applicant may request that the Commissioner apply the ruling to a prior decision if the claimant first demonstrates that application of the Ruling could change the outcome of that prior decision.

As noted above, the Commissioner relies in part on AR 98–3(6) in suggesting that remand is appropriate in this case. This Court and the Commissioner are, however, bound by the Sixth Circuit precedent of *Dennard* and *Drummond*, not AR 98–3(6). The Commissioner's Acquiescence Rulings do not control how or when that Sixth Circuit precedent becomes controlling and have absolutely no relevance to the outcome of the instant case.

Moreover, as explained in *Drummond*, *res judicata* is intended to, *inter alia*, relieve parties of the cost and vexation of multiple adjudications and to conserve judicial resources. In order to effectuate this intent, ALJ Musseman was prohibited from allowing any relitigation of whether Plaintiff had transferrable skills and the VE before ALJ Musseman should never have been asked to testify regarding that issue. Accordingly, to allow that VE testimony to be considered "new evidence," supporting a remand and yet another examination of the transferability of Plaintiff's skills, would offend the holdings of *Dennard* and *Drummond*, as well as the underlying principles of *res judicata*.

The court in *Drummond* did signal that *res judicata* would not apply if there was evidence of an improvement in the plaintiff's condition. "Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."[4] *Drummond* at 842. Applying *Drummond's* holding to this case, the Commissioner is precluded from finding Plaintiff to have transferable skills, absent evidence of an improvement in her skill level since the proceedings before ALJ Stalker. None has been presented in this case. As Magistrate Binder indicated, "[t]he Commissioner does not argue that changed circumstances or newly discovered evidence preclude the application of res judicata." (R & R at 9). It is, furthermore, unlikely that the Commissioner could present evidence that Plaintiff has developed additional skills since her June 22, 1994 hearing in front of ALJ Stalker since she has not been employed at any time since then. (Tr. at 16).

The *Drummond* court emphasized the contradiction of the Commissioner's decision in the case before it. Identically to the instant case, in the decision then being reviewed by the *Drummond* court, the ALJ had dismissed the time period covered by the earlier decision. In a passage that well could have been written for this case, the *Drummond* court observed, "[I]t appears that the Commissioner concedes that *res judicata* does apply to Drummond and prohibits her from relitigating claims that have been previously determined. However, the Commissioner cannot have it both ways. This appears to be an instance of the Commissioner attempting to 'have its cake and eat it too.'" *Id.* at 841.

A final parallel between this case and the *Drummond* case is the age of the plaintiffs. At the time of the hearing before ALJ Musseman, Plaintiff was 50 years old, the same age as the plaintiff in *Drummond*. (Tr. at 50). The *Drummond* court explained that a 50 year old claimant is "classified as a 'person approaching advanced age,' 20 C.F.R. § 404.1563(c), and with a RFC for sedentary work, she is entitled to DIB benefits under the Commissioner's regulations." *Id. Also see* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.00(g) ("Individuals approaching advanced age (age 50–54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals ... can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains.").

In this case, ALJ Musseman determined that Plaintiff's impairments limited her to sedentary work. (Tr. at 21). Since she is also a person "approaching advanced age," she is entitled to disability benefits.

## IV. *Order*

For the reasons stated above,

**THE COURT HEREBY DECLINES TO ADOPT** Magistrate Binder's Report and Recommendation **[document 16];**

---

4. Thus, even if the VE testimony in front of ALJ Musseman was not improper relitigation of the issue of transferability of Plaintiff's skills, it would not be sufficient to justify a remand. That the second VE might have viewed Plaintiff's skills differently is not evidence that those skills actually improved since ALJ Stalker's decision.

**THE COURT FURTHER GRANT'S** Plaintiff's Motion for Summary Judgment **[document 10]**, **DENIES** Defendant's Motion for Remand **[document 14]** and **ORDERS** that the case be remanded for a grant of benefits.