NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0323n.06

No. 12-1653

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 02, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JERRY T. GAY, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  DAUGHTREY, ROGERS, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Jerry Gay's first application for Social Security benefits was denied by an Administrative Law Judge (ALJ) in 2007.  Gay reapplied in 2008 and introduced new evidence supporting his claim.  His second application was denied by a second ALJ.  The issue we are asked to decide is whether, while evaluating Gay's second application, the second ALJ reopened the first decision.  The district court found that he did not.  Due to the conflicting statements in the second ALJ's decision, we are not able to resolve this dispute on the record before us and so vacate the district court's judgment and remand the case for clarification.

## I.  BACKGROUND

Jerry Gay injured his back in the mid-1980s.  He did not seek medical treatment at that time.  In 2004, he began experiencing severe lower back pain.  Beginning in 2005, he was examined by

several different physicians, and in 2007 he began receiving treatment for the back pain as well as for some respiratory problems.

Gay first applied for Disability Insurance Benefits and Supplemental Security Income on April 12, 2005, alleging an onset date of October 1, 2004. His application was initially denied, and Gay requested a hearing. A hearing was held before ALJ Michael Wilenkin, who considered Gay's testimony and reviewed medical records from three physicians. ALJ Wilenkin found Gay "not entirely credible" and concluded that Gay was capable of light work and could perform his past relevant work as a janitor or line stocker. Therefore, ALJ Wilenkin found that Gay was not disabled and denied his claim for benefits on October 12, 2007.

Gay filed his second application on January 14, 2008, alleging an onset date of October 13, 2007 (the day after ALJ Wilenkin's decision). His second application was initially denied, and Gay again requested a hearing, which was held before ALJ Timothy Scallen on January 8, 2010. Gay was represented by a non-attorney representative. At the hearing, Gay amended his onset date to October 2, 2005—his 50th birthday.

On the same day as the hearing, Gay's personal representative sent ALJ Scallen a letter requesting that he reopen ALJ Wilenkin's 2007 decision. 20 C.F.R. § 404.988(b) allows an ALJ to reopen a prior decision adjudicating a claim for Disability Insurance Benefits within four years of the initial determination if the ALJ finds "good cause" to do so.[1] "Good cause" is satisfied if "[n]ew

---

[1]A decision adjudicating a claim for Supplemental Security Income can only be reopened for good cause within *two years* of the initial determination. 20 C.F.R. § 416.1488(b).

and material evidence is furnished" or if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a).

Gay's personal representative contended that Gay could satisfy both methods of showing good cause. In connection with his second application, Gay had submitted more medical records from additional doctors. Gay's representative pointed in particular to records from Gay's treating physician that contained evidence of Gay's respiratory ailments and were not submitted with Gay's first application. Additionally, Gay's representative argued that ALJ Wilenkin's conclusion that Gay could perform his past work as a janitor or a cook was clearly erroneous in light of the medical opinions from two of the doctors whose reports ALJ Wilenkin discussed in his decision.

ALJ Scallen never explicitly ruled on Gay's request to reopen. Instead, in his opinion he acknowledged ALJ Wilenkin's decision and cited two Sixth Circuit cases and related acquiescence rulings from the Social Security Administration. These cases stand for the principle that when confronted with a second application for benefits, an ALJ is bound by favorable subsidiary findings from the previous determination, unless there is new and material evidence to the contrary. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); *Dennard v. Sec. of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990); SSAR 98-3(6); SSAR 98-4(6). ALJ Scallen explained his approach as follows:

> The reason for not adopting the findings of the prior decision in this case is that the current record contains new and material evidence relating to these findings and establishes that the claimant's condition has persisted since that time with allegations of postural limitations. Further, the claimant has submitted new and material evidence relating to the previously determined nonsevere impairments. Specifically, the claimant has been diagnosed with asthma, chronic obstructive pulmonary disease (COPD), and obesity. His current evidence shows that the claimant is significantly

> limited in his ability to climb ladders, ropes, or scaffolds and work in an environment with concentrated exposure to unprotected heights, vibrating tools, moving machinery, dust, fumes, gases, and smoke.

A.R. 14. Later in his opinion, he stated that because Gay had argued that "the prior decision did not take into account all of [Gay's] impairments including [Gay's] degenerative disc disease, asthma, COPD, and obesity, and [Gay's] alleged limited bending/twisting," his analysis would "continue[] with consideration of all the diagnoses since the amended onset date of October 22, 2005."[2] A.R. 16.

After addressing the prior decision, ALJ Scallen applied the five-step sequential evaluation process for determining whether a person is disabled. *See* 20 C.F.R. § 404.1520. He applied steps one through three and then turned to Gay's residual functional capacity. After finding Gay not entirely credible, ALJ Scallen addressed the medical evidence. He discussed the records from one of the doctors whose records ALJ Wilenkin had examined and also discussed the additional evidence Gay had submitted with his second application. He did not discuss the records from the other two doctors that Gay had submitted to ALJ Wilenkin.

Ultimately, ALJ Scallen disagreed with ALJ Wilenkin's conclusion that Gay could perform his past relevant work. He concluded that Gay could do only light work that involved no climbing of ropes, ladders, or scaffolds or exposure to solvents, paint, smoke, and fumes and only occasionally involved climbing ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. ALJ Scallen determined that this residual functional capacity rendered Gay unable to perform his past

---

[2]The onset date in ALJ Scallen's opinion is probably a mistake and should be October *2*, 2005—the amended onset date Gay specified.

relevant work as a cook or housekeeper. However, Gay could perform other work available in the national economy, such as working as an assembler, packager, or sorter. In the end, ALJ Scallen concluded that Gay had not been under a disability since October 22, 2005.

The Appeals Council declined Gay's request for review, rendering ALJ Scallen's decision the final decision of the Commissioner of Social Security. *See* 20 C.F.R. § 404.955; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004). Gay then sought judicial review. *See* 42 U.S.C. 405(g). Both parties filed motions for summary judgment.

A magistrate judge wrote a Report and Recommendation recommending that the district court affirm. The magistrate found with little discussion that ALJ Scallen had not reopened ALJ Wilenkin's decision, and further found that substantial evidence supported ALJ Scallen's decision. The district court adopted the Report and Recommendation to affirm, granted the Commissioner's summary judgment motion, and denied Gay's motion. After receiving an extension of time from the district court, Gay appealed.

## II. ANALYSIS

### A. Standard of Review

Our review of the Commissioner's final decision is limited to determining whether substantial evidence supports that decision. 42 U.S.C. § 405(g). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

## B. Legal Principles

The primary dispute in this case is whether ALJ Scallen reopened ALJ Wilenkin's prior decision. The parties believe this dispute matters because if ALJ Scallen reopened the prior decision, he was responsible to reevaluate de novo *all* the evidence considered by ALJ Wilenkin. Since it appears that ALJ Scallen did not consider the records from two doctors that were considered by ALJ Wilenkin, Gay contends that ALJ Scallen shirked this responsibility. Because the parties do not raise the issue, we will assume for purposes of this case that an ALJ must reconsider all the old evidence when reopening a prior decision.

When presented with an application for benefits after a prior application has been denied, an ALJ must consider how the existence of the prior decision impacts the second application. If the claimant can show "good cause"—such as new and material evidence that relates back to the prior period—and meets the applicable time limit, the ALJ can reopen the prior decision and readjudicate the prior period. *See* 20 C.F.R. §§ 404.988, 416.1488. A decision not to reopen is within the ALJ's discretion and is unreviewable by the courts unless a constitutional issue is involved. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). In the absence of reopening, the ALJ adjudicates the subsequent period, but is bound by relevant factual findings made with respect to the prior period unless there is new and material evidence as to those findings. *See Drummond*, 126 F.3d at 840-43; 20 C.F.R. § 404.957(c)(1); HALLEX I-2-4-40, 2005 WL 1870458 (S.S.A. March 8, 2013).

When reopening has been requested, it is important that the ALJ make clear whether or not the prior period has been reopened. In some cases, lack of a clear explanation can require a remand

for clarification. *See Bailey ex rel. Bailey v. Astrue*, No. 10-262-DLB, 2011 WL 4478943, at *5 (E.D. Ky. Sept. 26, 2011); *Haddix v. Astrue*, No. 10-30-ART, 2010 WL 4683766, at *4 (E. D. Ky. Nov. 12, 2010); *see also Gossens v. Sec. of Health & Human Servs.*, 859 F.2d 922 at *2 (6th Cir. 1988) (Per Curiam) (Table Decision) (remanding for clarification when the ALJ did not make clear which prior determination he was reopening). A clear explanation allows the courts to review the ALJ's decision efficiently and meaningfully. A muddled approach can require the Commissioner, the claimant, and the courts to expend time and resources attempting to figure out what the ALJ did. Unfortunately, such is the case here.

## C. Application

Although we do not require an express statement of reopening before we will find that an ALJ reopened a prior decision, *see Crady v. Sec. of Health & Human Servs.*, 835 F.2d 617, 620 (6th Cir. 1987), we find ourselves at a loss to discern whether ALJ Scallen reopened the earlier period in this case. Gay vehemently contends that ALJ Scallen reopened the prior decision, and several aspects of his decision support Gay's contention. Moreover, Gay met the time limit for reopening, so ALJ Scallen was permitted to reopen. The *res judicata* discussion in his opinion was apparently written in response to Gay's letter requesting a reopening, but ALJ Scallen neither explicitly nor impliedly declined Gay's request. Instead, ALJ Scallen stated that his analysis included all diagnoses since October 22, 2005, thereby indicating that he was readjudicating part of the period already adjudicated by the first decision. ALJ Scallen diverged from ALJ Wilenkin by determining that Gay could not perform his past relevant work, and there is no indication that he limited this alteration to the period subsequent to ALJ Wilenkin's decision.

In contrast to these indicia of reopening, ALJ Scallen cited two cases—*Drummond* and *Dennard*—and related Acquiescence Rulings that all pertain not to reopening but rather to adjudicating the subsequent period based in part on evidence from the prior period. If ALJ Scallen intended to reopen the prior decision, we would expect him to cite the applicable regulation that permits reopening. By citing *Drummond* and *Dennard*, ALJ Scallen indicated that he intended to adjudicate the subsequent period but not reopen ALJ Wilenkin's decision. But if ALJ Scallen intended to adjudicate only the subsequent period, why did he say that his analysis extended back to 2005?

Ultimately, ALJ Scallen's opinion presents a conundrum that we find impossible to solve. If an ALJ intends to reopen prior decisions, he or she should say so, say why, and cite the appropriate regulation that permits reopening. If an ALJ intends instead to adjudicate only the subsequent period in light of changed circumstances, he or she should make this approach clear and cite the appropriate cases and acquiescence rulings. Regardless of which path the ALJs take, they must clearly state their approach. Since in this case the ALJ's approach was not clear, we remand for clarification.

## III. CONCLUSION

We **VACATE** the district court's judgment and **REMAND** the case to the district court with instructions to remand the case to the Social Security Administration for clarification.